UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| UDELL ROGERS, ) | |
|    Plaintiff, ) | |
| ) | |
| vs. ) | No. 21-4048 |
| ) | |
| KWAME RAOUL, et. al., ) | |
|    Defendants ) | |

MERIT REVIEW ORDER

JAMES E. SHADID, U.S. District Judge:

This cause is before the Court for merit review of the Plaintiff's complaint. The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff, a *pro se* prisoner, claims his constitutional rights were violated at Hill Correctional Center by Defendants Illinois Attorney General Kwame Raoul, Illinois Department of Corrections (IDOC) Director Rob Jeffreys, Illinois Prisoner Review Board (PRB) Chairman Craig Findley, Clinical Services Representative Dorrie Love, Clinical Services Director Chad Schuldt, Caseworker Stanley Simonson, Field Services Representative Lloyd Sichling, Correctional Officer Roy Little, and Officers John or Jane Doe.

Plaintiff has provided two separate complaint forms. The first complaint includes vague claims alleging the Defendants were "unnecessarily cruel" because they did not assist him in finalizing a parole location, they "falsified reasons" to move Plaintiff to segregation, and otherwise made it difficult for him to obtain Mandatory Supervised Release. (Comp, p. 6).

The second complaint also includes general allegations that Plaintiff's proposed family sites were denied, and he was "wrongfully" placed in segregation. (Comp., p. 15). Plaintiff further mentions he was convicted of an unspecified sexual offense and then notes his overall opinions about the parole process for sex offenders.

Plaintiff has failed to provide enough information to put either the Court or the Defendants on notice of his specific claims. *See* Fed.R.Civ.P. 8. For instance, the Plaintiff provides no specific time frames except to say he first inquired about parole in July of 2018. Plaintiff does not indicate how each Defendant was involved, nor does he state what each Defendant specifically did to violate his constitutional rights.

In addition, "[f]or a defendant to be liable under section 1983, she must be personally responsible for the alleged deprivation of the plaintiff's constitutional rights." *Mitchell v. Kallas*, 895 F.3d 492, 498 7th Cir. 2018). "The personal-involvement requirement is satisfied if the constitutional violation occurs at a defendant's direction or with her knowledge or consent." *Id.* An individual is not liable simply because she is a supervisor. *See Taylor v. Ways*, 999 F.3d 478, 493 (7th Cir. 2021). Therefore, it is unclear how the Attorney General, the IDOC Director, or Jane or John Doe officers would have any direct involvement in parole decisions.

Therefore, Plaintiff's complaint is dismissed for failure to state a claim upon which relief can be granted and as a violation of Rule 8 of the Federal Rules of Civil Procedure.

The Court will allow Plaintiff an opportunity to file an amended complaint clarifying his specific claims. Plaintiff must use one complaint from and must list his allegations only one time. Plaintiff's amended complaint should include numbered paragraphs. Each paragraph should briefly describe what happened, when it occurred, and who was involved. For instance, who placed Plaintiff in segregation, when, and why? Did Plaintiff receive a disciplinary ticket? Did he appear before the Adjustment Committee?

In addition, does Plaintiff's conviction have an impact on his parole status?

Finally, Plaintiff should limit his complaint to his specific claims against each named Defendant and not general opinions. This helps prevent confusion over his intended claims.

Plaintiff has also filed two motions for appointment of counsel. [5, 10]. The motions are denied with leave to renew after Plaintiff clarifies his intended claims.

IT IS THEREFORE ORDERED:

1) Plaintiff's complaint is dismissed for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §1915A and as a violation of Federal Rule of Civil Procedure 8.

2) The Court will allow Plaintiff an opportunity to file an amended complaint clarifying his claims. Plaintiff must follow the instructions provided and must

file his proposed amended complaint within 21 days or on or before October 13, 2021. If Plaintiff ignores the Court's instructions or he fails to file his amended complaint on or before October 13, 2021, his case will be dismissed.

3) Plaintiff's motions for appointment of counsel are denied with leave to renew after Plaintiff clarifies his intended claims. [5, 10].

4) Plaintiff is reminded he must immediately notify the Court in writing of any change in his mailing address and phone number. Failure to provide this information could lead to the dismissal of Plaintiff's lawsuit. [2].

5) The Clerk of the Court is to provide Plaintiff with a blank complaint form to assist him and to reset the internal merit review deadline within 30 days.

ENTERED this 21st day of September, 2021.

s/ James E. Shadid

_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE