UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UDELL ROGERS, | ) | |
|    Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 21-4048 |
| | ) | |
| KWAME RAOUL, et. al., | ) | |
|    Defendants | ) | |

MERIT REVIEW ORDER #2

JAMES E. SHADID, U.S. District Judge:

This cause is before the Court for consideration of Plaintiff's motion for leave to file an amended complaint. [12].

I. BACKGROUND

Plaintiff's initial complaint was dismissed for failure to state a claim upon which relief could be granted pursuant to 28 U.S.C. §1915A and as a violation of Federal Rule of Civil Procedure 8. *See* September 21, 2021 Merit Review Order. Plaintiff provided two separate and confusing complaint forms and failed to provide time frames, failed to state how each Defendant was involved in his claims, and failed to provide enough information to put the Court and Defendants on notice of his claims.

The Court allowed Plaintiff additional time to file an amended complaint along with instructions to assist him in clarifying his claims. For instance, Plaintiff was advised to "list his allegations only one time," include numbered paragraphs, and briefly provide the basis for his claims. September 21, 2021 Merit Review Order, p. 3.

1

Plaintiff was also advised to limit his complaint to his specific claims against the Defendants and not his general opinions.

Plaintiff has now filed his proposed amended complaint which has been filed as a Motion for Leave to Amend. [12]. The motion is granted pursuant to Federal Rule of Civil Procedure 15. [12]

## II. MERIT REVIEW

The Court is still required by 28 U.S.C. §1915A to "screen" the Plaintiff's amended complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff has identified nine Defendants including Illinois Attorney General Kwame Raoul, Illinois Department of Corrections (IDOC) Director Rob Jeffreys, Illinois Prisoner Review Board (PRB) Chairman Craig Findley, Clinical Services Representative Dorrie Love, Clinical Services Director Chad Schuldt, Caseworker Stanley Simonson, Field Services Representative Lloyd Sichling, Correctional Officer Roy Little, and Kevin Johnson.

Plaintiff has ignored many of the Court's instructions. For instance, Plaintiff repeats his claims several times in various sections entitled "Nature of the Action," a facts section, and in six purported "counts." (Amd. Comp., 12). Plaintiff again fails to provide timelines for many of his allegations and makes general, opinion statements

without providing factual support.  Therefore, it is again difficult to decipher and discern many of Plaintiff's intended claims.

Nonetheless, Plaintiff does state he was convicted of criminal sexual abuse and he has served his required term of incarceration. Plaintiff appears to allege Defendants Sichling, Love, Simonson, and Schuldt have refused to approve proposed placement on mandatory supervised release (MSR) and/or have failed to assist him in finding an alternative host site.  Plaintiff is apparently claiming he has remained in prison when he should have been eligible for MSR and he therefore seeks monetary damages for this time.

"Plaintiff's allegation that he was incarcerated for longer than he should have been because of Defendants' deliberate indifference states an Eighth Amendment claim that cannot be dismissed at this juncture." *See Ortega v. Halliday*, 2020 WL 6681376, at *5 (S.D.Ill. Nov.12, 2020)(inmate states claim based on a MSR denial); *citing Childress v. Walker*, 787 F.3d 438, 439 (2015) (citations omitted) ("incarcerating a person beyond the term of his sentence without penological justification violates the Eighth Amendment as cruel and unusual punishment.").

In addition, Plaintiff has also adequately alleged the same Defendants violated his Fourteenth Amendment rights when they rejected his proposed host site and failed to investigate other sites. *See Ortega,* 2020 WL 6681376, at *4, 5.

The remainder of Plaintiff's amended complaint fails to clearly state a claim or fails to provide factual support for the allegation. For instance, Plaintiff claims Defendants Schiling and Johnson violated his First Amendment rights when they wrote

3

false, retaliatory disciplinary tickets against him. However, to state a retaliation claim, a plaintiff must allege that "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the [d]efendants' decision to take the retaliatory action." *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir.2009) (internal quotations omitted). Plaintiff has failed to identify a protected activity which sparked the retaliatory conduct and therefore he has failed to state a claim.

Plaintiff claims Defendant Little informed other inmates of the basis of his criminal conviction placing Plaintiff's life in danger and leading to an altercation with other inmates. Despite the Court's specific admonition that for each claim, Plaintiff must state "when it occurred, and who was involved," Plaintiff has failed to provide any other factual support for this allegation. September 21, 2021 Merit Review Order, p. 3). Therefore, he has failed to provide enough information to put the Defendant on notice of his specific claim.

Plaintiff also includes several confusing allegations concerning his attempt to obtain MSR which appear to confuse the role of the Illinois Department of Corrections (IDOC) and the Prisoner Review Board (PRB).

> Even if the PRB approves an individual for MSR, the IDOC will not extricate that person unless and until he or she satisfies certain conditions, most importantly securing a qualifying host site to reside at while on MSR. The IDOC exercises the sole power to approve or deny an inmate's proposed host site based on a variety of statutes and regulations that restrict where sex offenders may live while on MSR. Ultimately, a parole agent must okay the placement.

4

> In the case of a someone who is labeled a sex offender, a variety of other statutes and rules also kick in to restrict where and how that individual may reside. *Murphy v. Raoul*, 380 F.Supp.3d 731, 739 (N.D.Ill. March 31, 2019).

Therefore, Plaintiff's vague allegations concerning "custom, practice, or policy" or "application of the requirements" do not provide sufficient notice of his intended claims. (Amd. Comp, p. 6). It's not clear what specific policy or what specific application he is referencing.

Plaintiff's amended complaint also includes other vague allegations of harassment and discrimination without providing a factual basis for a constitutional claim.

Therefore, Plaintiff may proceed with his Eighth and Fourteenth Amendment claims against Defendants Sichling, Love, Simonson, and Schuldt. The Court notes Plaintiff mentions denials of host cites in 2015, 2018, and 2020. However, Plaintiff may only proceed with his claims from 2020, since any other claims are outside the two-year statute of limitations period. *See Williams v. Lampe*, 399 F.3d 867, 870 (7th Cir. 2005) ("§ 1983 claims in Illinois are also governed by a two-year limitations period.").

Plaintiff has appropriately requested damages and Plaintiff is reminded he cannot seek his release in a lawsuit pursuant to 42 U.S.C. §1983. *See Edwards v. Balisok*, 520 U.S. 641, 645 (1997)("habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release…").

If the Plaintiff believes the Court has misinterpreted any other claim, Plaintiff has the option to file a Second Amended Complaint. However, the Court will not consider any additional proposed complaints which do not follow these specific instructions:

1) Any proposed amended complaint must include all claims and defendants and must stand complete on its own without reference to any previous complaint or filing.

2) Any proposed complaint MUST include numbered paragraphs and must include only ONE statement of each claim. Therefore, Plaintiff should not provide an opening paragraph or statement of facts. Plaintiff should instead state each claim one time to avoid confusion.

3) For each claim, Plaintiff must state who was involved, how they were involved, when it occurred, and what happened.

4) Plaintiff should not include an overview of the law or general opinions. Instead, he must limit his complaint to his specific claims against the named Defendants.

5) Plaintiff must explain how each Defendant was specifically involved in each claim.

Any proposed amended complaints which do not follow the Court's order will be dismissed.

IT IS THEREFORE ORDERED:

1) Pursuant to its merit review of the amended complaint under 28 U.S.C. § 1915A, the Court finds the Plaintiff alleges Defendants Sichling, Love, Simonson, and Schuldt: a) violated his Eighth Amendment rights when they refused to approve proposed placement on mandatory supervised release (MSR) and/or have failed to assist him in finding an alternative host site causing Plaintiff to be incarcerated longer than he should have; and b) violated his Fourteenth

Amendment rights when they rejected his proposed host site and failed to investigate other sites. The claims are stated against the Defendants in their individual capacities only. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) This case is now in the process of service.  Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions.  Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature.  Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3) The Court will attempt service on Defendants by mailing each Defendant a waiver of service.  Defendants have 60 days from service to file an Answer.  If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service.  After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service.  Documentation of forwarding addresses shall be retained

only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5) Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk.  A motion to dismiss is not an answer.  The answer should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this Order.  In general, an answer sets forth Defendants' positions.  The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants.  Therefore, no response to the answer is necessary or will be considered.

6) Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel.  Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel.  The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3.  If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

7) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

8) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number.  Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO:**

**1) Grant Plaintiff's Motion for Leave to File an Amended Complaint, [12]; 2) Dismiss Defendants Raoul, Jeffreys, Findley, Little, Johnson, and Jane or John Does for failure to state a claim upon which relief can be granted pursuant to by 28 U.S.C. §1915A; 3) Attempt service on Defendants pursuant to the standard procedures; and 4) Set an internal court deadline 60 days from the entry of this order for the court to check on the status of service and enter scheduling deadlines.**

ENTERED this 1st day of April, 2022.

s/ James E. Shadid
_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE